Joe **TUBBS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 5660.

United States Court of Appeals
Tenth Circuit.

Oct. 14, 1957.

Richard L. Eason, Denver, Colo., for appellant.

Milton P. Beach, Kansas City, Kan. (William C. Farmer, U. S. Atty., and E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Appellant, serving a ten-year sentence imposed by the United States District Court for the Southern District of Texas at the United States Penitentiary in Leavenworth, Kansas, sought a hearing in the United States District Court for the District of Kansas upon his petition for habeas corpus. The court denied the petition without hearing, setting forth in its order that petitioner's claim for release from federal custody was based upon the same matters which had been reviewed by that court in habeas corpus proceedings in 1955 and found to lack merit and further that the petitioner had not filed a motion before the sentencing court pursuant to the provisions of 28 U.S.C.A. § 2255.

The order of the court in the 1955 habeas corpus proceeding is not reproduced in the record before us, but the trial court digests it as follows:

"In the order to which reference has been made it was pointed out that regardless of the conclusion earlier reached with reference to petitioner's failure to file a motion before the sentencing court, he 'was permitted to testify and to explain fully to the court the nature of his contention.' The court found that there was no merit to his contention that the sentence imposed upon him was illegal or void."

The petitioner does not contend that he was not afforded a hearing on habeas corpus petition at that time, nor does he point to any respects in which he contends that proceeding may have failed to search his many arguments of illegality in his detention. Under such circumstances, there is no basis for a determination of abuse of discretion in the lower court's denial of the second petition.[1]

The second ground for dismissal, the failure first to pursue the remedy granted by section 2255, must likewise be affirmed. Although appellant asserts in his reply brief that he did apply for a vacation of sentence by the sentencing court, the record does not indicate either that the lower court was apprised of the action or that the hearing which he admits having obtained in Texas was inadequate to test the issues which he poses here. He argues that he was denied counsel, but the constitutional right to representation at trial does not

---

1. 28 U.S.C.A. § 2244:

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

apply to a subsequent hearing upon a motion to vacate the sentence. Crowe v. United States, 4 Cir., 175 F.2d 799; Richardson v. United States, 10 Cir., 199 F.2d 333. The mere denial of his application for relief under 2255 raises no question appropriate to a habeas corpus release in the district of his commitment, Decatur v. Hiatt, 5 Cir., 184 F.2d 719.

Affirmed.