Cleveland Roy WILLIAMS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6471.

United States Court of Appeals Tenth Circuit.

Oct. 5, 1960.

Rehearing Denied Nov. 9, 1960.

Roy N. McCue, Topeka, for appellant.

Wilbur G. Leonard, U. S. Atty., State of Kansas, Topeka, Kan., for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is a habeas corpus proceeding in which petitioner, Williams, seeks release from Leavenworth penitentiary where he is serving a 14-year sentence imposed on December 20, 1957, by the United States District Court for the District of Idaho upon his plea of guilty to each of seven counts of an indictment charging the interstate transportation of forged and falsely made securities in violation of 18 U.S.C. § 2314.

Previously the petitioner has applied to the sentencing court for relief under 28 U.S.C. § 2255. The judgment denying such relief was appealed to the United States Court of Appeals for the Ninth Circuit and was affirmed in an unreported decision. Certiorari was denied by the United States Supreme Court. 361 U.S. 842, 80 S.Ct. 91, 4 L.Ed.2d 80.

█ Section 2255 provides that an application for habeas corpus on behalf of a prisoner authorized to pursue the remedy afforded under that section shall not be entertained if he has failed to ask relief by motion in the sentencing court or that such court has denied him such relief "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." As Williams is in federal custody serving a federal sentence, the § 2255 remedy is exclusive in the absence of a showing that such remedy is inadequate or ineffective.[1]

█ The petition for habeas corpus alleges no facts showing that the § 2255 remedy is inadequate or ineffective. This alone justifies the denial of the writ.[2] In the brief of court-appointed counsel it is asserted that the sentencing court was without jurisdiction because the securities transported were not forged within the meaning of § 2314. Lack of jurisdiction is a specific ground for relief under § 2255 and may be adequately and effectively tested by that procedure.[3]

█ Counsel for Williams urges that the sentencing court erred in not permitting the withdrawal of the guilty plea because of the incompetency of the defendant. The record shows that the question of incompetency was raised in advance of plea and sentence and was resolved against the defendant after consideration of a report of a court-appointed psychiatrist. Admittedly, this question was presented to the Court of Appeals for the Ninth Circuit and resolved against Williams. The fact that the issue was determined contrary to the contentions of Williams does not establish any ground for questioning the adequacy or effectiveness of the remedy provided for the presentation and determination of that issue. The denial by the sentencing court of an application for relief under § 2255 presents no question which may be considered on habeas corpus by a court of the district wherein the petitioner is confined.[4]

Affirmed.

1. See Adam v. United States, 10 Cir., 274 F.2d 880, 882; Osborne v. Looney, 10 Cir., 221 F.2d 254, 255.

2. Hallowell v. Hunter, 10 Cir., 186 F.2d 873, 874–875.

3. It should be noted in passing that the claim of a jurisdictional defect is without merit. There is no assertion that the sentencing court lacked jurisdiction of the defendant and of the subject matter. The challenge goes to the question of whether the defendant committed the offense charged. This was resolved by the plea of guilty which admitted all facts well pleaded in the indictment. See Adam v. United States, supra, 274 F.2d at pages 882–883.

4. Tubbs v. United States, 10 Cir., 249 F.2d 37, 39, certiorari denied 355 U.S. 935, 78 S.Ct. 416, 2 L.Ed.2d 417