Robert Baragas BARRETT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6486.

United States Court of Appeals Tenth Circuit.

Nov. 28, 1960.

entitle him to re-try his case in this habeas corpus proceedings.

Section 2255 is intended to provide the exclusive remedy for testing the validity of a judgment and sentence in the federal courts, unless the remedy afforded under that act is shown to be "inadequate or ineffective," and the remedy is not inadequate or ineffective simply because the petitioner has unsuccessfully sought relief under it. Clough v. Hunter, 10 Cir., 191 F.2d 516; Cleveland Roy Williams v. United States, 10 Cir., 283 F.2d 59; Barnes v. Hunter, 10 Cir., 188 F.2d 86.

The judgment of the trial court is affirmed.

Robert L. Frye, Denver, Colo., for appellant.

Jerry W. Hannah, Asst. U. S. Atty., Great Bend, Kan. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District Judge.

PER CURIAM.

Appellant was convicted of robbery in Georgia and sentenced to the federal penitentiary. A petition to the sentencing court for relief under 28 U.S.C. § 2255 was denied and a petition to appeal in forma pauperis was also denied. The trial court denied petitioner's application for a writ of habeas corpus on the ground that the relief afforded under § 2255 was not shown to be inadequate or ineffective and was, therefore, his exclusive remedy.

While the petitioner here alleges that his remedy under § 2255 was inadequate and ineffective, the record shows that all the asserted grounds for relief are plainly cognizable under § 2255 and the fact that relief was denied in his petition to the sentencing court does not