**Ruben Dario SANCHEZ, Appellant,**

v.

**J. C. TAYLOR, Warden, U. S. Penitentiary, Leavenworth, Kansas,
Appellee.**

**No. 6936.**

United States Court of Appeals
Tenth Circuit.

April 17, 1962.

Rehearing Denied May 3, 1962.

726

Barry D. Mock, Oklahoma City, Okl., for appellant.

R. Stanley Ditus, Asst. U. S. Atty. (Newell A. George, U. S. Atty., and Benjamin E. Franklin, Asst. U. S. Atty., on the brief), for appellee.

Before PICKETT, LEWIS, and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Sanchez, a federal prisoner confined at Leavenworth, Kansas, under multiple, unexpired sentences imposed in the District of Puerto Rico for various narcotic offenses, petitioned in the District of Kansas for habeas corpus and the writ was denied on the ground that the remedy under 28 U.S.C. § 2255 was exclusive. We agree. The § 2255 remedy is exclusive unless it is inadequate or ineffective. The only showing is that a motion under § 2255 in the sentencing court was unsuccessful. That is not enough. Barrett v. United States, 10 Cir., 285 F.2d 758, 759; Williams v. United States, 10 Cir., 283 F.2d 59, 60. The denial of a motion made under § 2255 does not, of itself, establish that the remedy provided by that section is either ineffective or inadequate.

Affirmed.