Amos **BLACK**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 6866.

United States Court of Appeals
Tenth Circuit.

March 20, 1962.

Certiorari Denied June 25, 1962.

See 82 S.Ct. 1618.

---

Alan C. DeMuth, Denver, Colo., for appellant.

Benjamin E. Franklin, Kansas City, Kan. (Newell A. George, Kansas City, Kan., was with him on brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and RICE, District Judge.

MURRAH, Chief Judge.

This is an appeal from an order denying an application for a writ of habeas corpus.

Appellant was convicted in the United States District Court, Southern District of California, on three counts alleging the illegal sale of narcotics. A notice of appeal was filed but the appeal was never perfected. Appellant thereafter collaterally attacked the judgment and sentence by filing in the trial court a Motion to Vacate Sentence under 28 U.S.C.A. § 2255, wherein he alleged that numerous violations of his constitutional rights had occurred both before and during his trial. The trial court's denial of that Motion was affirmed. Black v. United States (9 CA), 269 F.2d 38, cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357. Appellant then sought his release via habeas corpus in the United States District Court, District of Kansas. That court found that the questions presented in the habeas corpus motion " * * * are all questions which (petitioner) must submit to the sentencing court under 28 U.S. C.A. § 2255 * * * " and denied the motion.

It is clear that where the remedy afforded under § 2255 is adequate and effective to test the legality of the detention, it is the exclusive remedy. Barrett v. United States (10 CA), 285 F.2d 758; Williams v. U. S. (10 CA), 283 F.2d 59; Adam v. United States (10 CA) 274 F.2d 880. At oral argument, however, counsel for appellant suggested that the distance between the situs of appellant's incarceration and the trial court deprived him of his right to a full and fair hearing, and cited Stidham v. Swope, D.C., 82 F.Supp. 931 as authority for his position. In that case, the District Judge, sitting in California, felt that the distance to Missouri, where petitioner had been convicted, was so great that the delay and expense entailed in transporting petitioner there was sufficient to make inadequate and ineffective any motion in the trial court.

We do not think that mere distance between the place of detention and the forum of the remedy asserted under § 2255 is a proper guide to the adequacy and effectiveness of that remedy. And, this is especially true where "the files and records of the case conclusively show" that the petitioner is entitled to no relief and no hearing is necessary. If factual issues are raised, it is of course presumed that opportunity for a full and fair hearing will be afforded. Indeed, appellant has already been granted the trial court hearing which he now says is denied him by distance.

Here, all of the contentions set forth in appellant's habeas corpus motion were, or could have been, presented in his motion under Section 2255. And, since there was no showing that the latter motion was " * * * inadequate or ineffective to test the legality of his detention," habeas corpus was unavailable.

Affirmed.