**Chester L. OUGHTON, Petitioner,**

v.

**UNITED STATES of America (John C. Taylor, Warden), Respondent.**

No. 7052.

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1962.

Lawrence E. Sizemore, Oklahoma City, Okl. (Chester L. Oughton filed a brief pro se), for petitioner.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., was with him on the brief), for respondent.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

Chester L. Oughton lodged, in the United States District Court for the District of Kansas, a petition for a writ of habeas corpus together with an application for leave to proceed in forma pauperis which was supported by a proper affidavit under 28 U.S.C.A. § 1915(a). The district court considered these documents as well as various supporting papers, and denied the application for leave to proceed in forma pauperis. Having obtained permission from this court to appeal in forma pauperis, Oughton now presents the question of whether the district court improperly denied him leave to proceed in forma pauperis.

■ The essence of Oughton's allegations is that he was arrested without a warrant; that he was detained without authority for an unreasonable time before being taken before a Commissioner; that during this detention his confession was obtained through threats and physical violence; that this unlawful confession was used to coerce his plea of guilty to first degree murder; and that there was no indictment to support the guilty plea. These are all grounds that may be asserted under 28 U.S.C.A. § 2255, and the remedy presented by that statutory provision is exclusive "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of [the petitioner's] detention." E. g., Sanchez v. Taylor, 10 Cir., 302 F.2d 725; Black v. United States, 10 Cir., 301 F.2d 418, cert. denied 370 U.S. 932, 82 S.Ct. 1618, 8 L.Ed.2d 832; Barrett v. United States, 10 Cir., 285 F.2d 758; Williams v. United States, 10 Cir., 283 F.2d 59; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965, cert. denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650. There is nothing in the record to indicate that the procedure afforded by Section 2255 would be inadequate or ineffective to test the legality of Oughton's detention, and we have previously affirmed a denial of relief to Oughton on the ground that Section 2255 presented his exclusive remedy. Oughton v. United States, 10 Cir., 287 F.2d 882, cert. denied 365 U.S. 889, 81 S.Ct. 1036, 6 L.Ed.2d 199.

■■ Under these circumstances, the district court could have dismissed this proceeding on the ground that it was frivolous. We have said that if an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d). Ragan v. Cox, 10 Cir., 305 F.2d 58; Martin v. United States, 10 Cir., 273 F.2d 775, cert. denied 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816. In this instance the file, which was scrutinized by the district court, has been preserved among the records of that court, and it is available for our review. While the procedure outlined in Ragan v. Cox, supra, should be followed, the requirements set forth there were substantially complied with in this instance, and we have considered the matter as though the motion to proceed in forma pauperis had been granted and the case then dismissed because it was found to be frivolous.

Affirmed.