**Mark Lee OVERMAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 7361.

United States Court of Appeals
Tenth Circuit.

Sept. 13, 1963.

650

Chris G. Rallis, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The appeal is from the dismissal of a petition for habeas corpus. Petitioner is confined in Leavenworth penitentiary under a life sentence imposed in the Western District of Tennessee, Sixth Circuit, for a violation of 18 U.S.C. § 1201. Previously, while an inmate of Atlanta penitentiary, petitioner sought habeas corpus relief which was denied on the ground that his remedy was under 28 U.S.C. § 2255. Overman v. Wilkinson, 5 Cir., 256 F.2d 58, certiorari denied 358 U.S. 887, 79 S.Ct. 129, 3 L.Ed.2d 115. Later the sentencing court denied § 2255 relief and its action was affirmed in a comprehensive opinion setting forth the pertinent factual data. See Overman v. United States, 6 Cir., 281 F.2d 497, certiorari denied 368 U.S. 993, 82 S.Ct. 612, 7 L.Ed.2d 530.

The trial court denied relief because the § 2255 remedy is exclusive and because petitioner failed to show that the § 2255 remedy was inadequate or ineffective to test the legality of the sentence. Failure to obtain relief under § 2255 does not establish that the remedy so pro-vided is either inadequate or ineffective. Moore v. Taylor, 10 Cir., 289 F.2d 450; Barrett v. United States, 10 Cir., 285 F.2d 758, 759; and Williams v. United States, 10 Cir., 283 F.2d 59, 60.

Affirmed.