**Bernard R. BARKAN, Appellant,**

v.

**The UNITED STATES of America, Appellee.**

**No. 7925.**

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1965.

John S. Castellano, Denver, Colo., for appellant.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before PICKETT and LEWIS, Circuit Judges, and DAUGHERTY, District Judge.

**PER CURIAM.**

This is an appeal from an order dismissing a petition for habeas corpus. Petitioner Barkan is now confined in the Federal Penitentiary at Leavenworth, Kansas, where he is serving a sentence for bank robbery in violation

of 18 U.S.C. § 2113, imposed by the United States District Court for the Southern District of Illinois. He alleges here that the judgment and sentence is invalid because conviction was obtained by the willful and knowing use of perjured testimony.

Prior to the institution of these proceedings, Barkan was denied relief by the sentencing court in 28 U.S.C. § 2255 proceedings upon the same grounds. This judgment was affirmed in a comprehensive opinion setting forth the pertinent facts. Barkan v. United States, 7 Cir., 305 F.2d 774, cert. denied 371 U.S. 915, 83 S.Ct. 261, 9 L.Ed.2d 173

 We have recently said " * * habeas corpus is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." Williams v. United States, 10 Cir., 323 F.2d 672, 673, cert. denied 377 U.S. 980, 84 S.Ct. 1887, 12 L.Ed.2d 749. The remedy provided for in Section 2255 is as broad as habeas corpus, and its purpose was to afford the same rights as in habeas corpus, but with jurisdiction confined to the sentencing court. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, rehearing denied 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Williams v. United States, supra.[1] The remedy supplants that of habeas corpus and is exclusive unless it is shown that it is inadequate or ineffective to test the legality of a prisoner's detention. Barrett v. United States, 10 Cir., 285 F.2d 758; Black v. United States, 10 Cir., 301 F.2d 418, cert. denied 370 U.S. 932, 82 S.Ct. 1618, 8 L. Ed.2d 832; Sanchez v. Taylor, 10 Cir., 302 F.2d 725, cert. denied 371 U.S. 864, 83 S.Ct. 124, 9 L.Ed.2d 101. In numerous decisions this court has held that the failure to obtain relief under Section 2255 does not establish that the

remedy provided for by that statute is either inadequate or ineffective. Overman v. United States, 10 Cir., 322 F.2d 649; Williams v. United States, supra; Sanchez v. Taylor, supra; Black v. United States, supra; Barrett v. United States, supra.

Affirmed.

---

1. In Williams v. United States, 323 F.2d 672, 673, it was said: "As so construed and applied, its constitutionality is no longer open to question."