Frederick Marion **FOX**, Appellant,

v.

**J. C. TAYLOR**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7986.

United States Court of Appeals Tenth Circuit.

April 23, 1965.

David R. Williams, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., on the brief), for appellee.

(a) as amended, and is a useful practice in many cases.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

On December 30, 1953, the petitioner Fox entered a plea of guilty in the United States District Court for the District of Utah on two separate counts of criminal charges pending against him.[1] The court suspended the imposition of sentence and placed Fox on probation for a period of five years on each count, to run consecutively, making the total probation period ten years. Approximately eight and one-half years later (May 29, 1962), probation was revoked and Fox was sentenced to imprisonment for a period of five years. He is now serving that sentence in the United States Penitentiary at Leavenworth, Kansas. This is the third habeas corpus action that he has instituted against the Warden in the United States District Court for the District of Kansas, alleging that the five year sentence imposed upon him is void. In each of these proceedings Fox has contended that 18 U.S.C. § 3651 provides that "the period of probation, together with any extension thereof, shall not exceed five years", and that when the court purported to revoke his probation after five years, there was no valid order of probation in existence, a violation of which would support the judgment and sentence. In all of these cases, which includes the case at bar, the court denied relief on the grounds that Fox's remedy was under the provisions of 28 U.S.C. § 2255, and not in habeas corpus.

After the dismissal of the first habeas corpus petition, Fox instituted Section 2255 proceedings in the Utah court, which was denied without a hearing, but no appeal was taken from that order. The attack upon the sentence is such that the remedy provided for in Section 2255 is available and is adequate and effective. We have held in numerous cases that a denial of relief under Section 2255 by the sentencing court is not sufficient to show that the remedy thereunder is inadequate or ineffective. Sullivan v. Taylor, 10 Cir., 338 F.2d 1004; Overman v. United States, 10 Cir., 322 F.2d 649; Sanchez v. Taylor, 10 Cir., 302 F.2d 725, cert. denied 371 U.S. 864, 83 S.Ct. 124, 9 L.Ed. 2d 101; Barrett v. United States, 10 Cir., 285 F.2d 758; Tubbs v. United States, 10 Cir., 249 F.2d 37, cert. denied 355 U.S. 935, 78 S.Ct. 416, 2 L.Ed.2d 417.

The record indicates that the trial court in Kansas thought that the statute limited probation periods to five years, and that if the revocation was for a violation occurring after the five year period, the sentence was invalid. The court was of the opinion that Section 2255 provided the exclusive remedy. The question of whether a probation period may exceed five years is not before us, but if another Section 2255 motion is filed in the sentencing court, it should be heard expeditiously, and if denied, Fox should be permitted to appeal.

Affirmed.

---

1. The record does not disclose the nature of these charges, but the parties assume that the maximum sentence on each count was five years.