**Broadway ARRINGTON, Appellant,**

v.

**John T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 8617.**

United States Court of Appeals
Tenth Circuit.

June 14, 1966.

Submitted on brief by William C. Erbecker, Indianapolis, Ind., for appellant.

Submitted on brief by Newell A. George, U. S. Atty., and Benjamin E. Franklin, Asst. U. S. Atty., for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Appellant, a federal prisoner, appeals from a dismissal, without a hearing, of his petition for habeas corpus.

Appellant was convicted upon his plea of guilty of conspiracy to violate the Narcotics Act and he was sentenced on June 27, 1963, in the United States District Court for the Northern District of Illinois, Eastern Division, to a term of twelve years. Subsequently, in 1964, appellant was convicted by a jury of five counts of perjury and received three year concurrent sentences on each count, said sentences to be consecutive to the sentence imposed on the narcotics offense.

In 1965, appellant attacked the above sentences in the proper sentencing court in Illinois under 28 U.S.C. § 2255, but the relief sought was denied. The petition filed below alleged that all issues raised had previously been presented to the sentencing court. It was after a determination there that he filed the petition below which was denied on the ground that Section 2255 is appellant's exclusive remedy unless inadequate or ineffective and no such showing was made by the petition.

Appellant points out that he filed a 2255 motion in the sentencing court, raising there the questions presented in his petition filed below, and that the sentencing court denied his motion without a

hearing. Upon these facts he further contends, as a matter of law, that his remedy under Section 2255 is inadequate and ineffective, thereby giving him standing to bring this habeas corpus proceeding. The answer to this contention is that if the sentencing court erred in denying the 2255 motion without a hearing appellant had the right of appeal to correct the error. Such denial of the motion is not a sufficient showing to compel us to conclude that the 2255 remedy is inadequate or ineffective.[1]

The order of the trial court dismissing the petition is affirmed.

Affirmed.

---

1. Sanchez v. Taylor, 10 Cir., 302 F.2d 725; Black v. United States, 10 Cir., 301 F.2d 418; Williams v. United States, 10 Cir., 283 F.2d 59; Clough v. Hunter, 10 Cir., 191 F.2d 516; Barrett v. Hunter, Warden, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965.