60 F.3d 838
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John G. WESTINE, Petitioner-Appellant,
v.
W.A. PERRILL, Warden, Respondent-Appellee.
 No. 94-1533.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner John G. Westine, appearing pro se and in forma pauperis, appeals the district court's denial of his 28 U.S.C. 2241 habeas corpus petition. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 2
 On July 16, 1990, Petitioner was sentenced in United States District Court for the Central District of California to one year imprisonment and five years probation for income tax evasion and failure to file ("California sentences"). The sentences were stayed until August 6, 1990, at which time Petitioner was to report to a designated institution. Petitioner failed to report on that date, and consequently was sentenced on April 4, 1991 to a consecutive twenty-one months for failure to surrender. Petitioner commenced serving the sentences at the Federal Corrections Institute ("FCI"), Englewood, Colorado.
 
 
 3
 On July 2, 1992, the United States District Court for the Southern District of Ohio sentenced Petitioner to 235 months imprisonment for conspiracy, mail fraud, wire fraud, and money laundering ("Ohio sentences"). The district court ordered the sentences to run consecutively with Petitioner's failure to surrender sentence. On September 13, 1993, the United States District Court for the Central District of California sentenced Petitioner to an additional six years for violation of probation.
 
 
 4
 After completing the California sentences, and while he was serving the Ohio sentences, Petitioner filed a motion to vacate the California sentences pursuant to 28 U.S.C. 2255 in the Central District of California. The district court denied the motion on the grounds it lacked jurisdiction to rule on Petitioner's 2255 motion because he was no longer in custody for the California sentences.
 
 
 5
 On November 10, 1993, while he was serving the Ohio sentences at FCI, Englewood, Colorado, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 with the United States District Court for the District of Colorado contesting the legality of the already completed California sentences. The district court referred the petition to a magistrate judge who recommended that the district court deny the petition. Petitioner objected to the magistrate's report, and argued that although he had finished serving the California sentences, they continued to harm him because they were used to enhance the Ohio sentences he was currently serving.
 
 
 6
 The district court adopted the magistrate's recommendations, noting that actions contesting the legality of sentences are properly brought under 28 U.S.C. 2255, and filed with the district court which imposed the sentence. Because Petitioner contended that his illegal California sentences were used to enhance his Ohio sentences, the district court concluded he should file a 2255 motion attacking the enhancement of the Ohio sentences in the Southern District of Ohio. Consequently, the district court denied Petitioner's 2241 petition. This appeal followed.
 
 
 7
 On appeal, Petitioner contends that he is not attacking the sentence imposed by the Southern District of Ohio. Instead, Petitioner maintains that because he did not obtain relief from the 2255 motion he filed in the Central District of California, a 2255 motion cannot adequately test the legality of his California sentences. Thus, Petitioner maintains the district court erroneously denied his 2241 petition.[3] We disagree.
 
 
 8
 We review the district court's denial of Petitioner's habeas corpus petition de novo. Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), cert. denied, 115 S.Ct. 313 (1994). A motion under 28 U.S.C. 2255 attacks the legality of a prisoner's detention, Barkan v. United States, 341 F.2d 95, 96 (10th Cir.), cert. denied, 381 U.S. 940 (1964), and must be filed in the district which imposed the sentence. United States v. Condit, 621 F.2d 1096, 1097 (10th Cir.1980). A petition under 28 U.S.C. 2241, however, attacks the execution of a sentence, and must be filed in the district where the prisoner is confined. United States v. Scott, 803 F.2d 1095, 1096 (10th Cir.1986).
 
 
 9
 "The remedy provided for in 28 U.S.C. 2255 is exclusive unless it is shown to be inadequate or ineffective." Carte v. Taylor, 347 F.2d 364, 365 (10th Cir.1965). If the remedy provided by 2255 fails to adequately test the legality of a prisoner's confinement, a petition pursuant to 2241 is appropriate. See 28 U.S.C. 2255; Williams v. United States, 323 F.2d 672, 673 (10th Cir.1963). However, "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams, 323 F.2d at 673 (quoting Overman v. United States, 322 F.2d 649 (10th Cir.1963)).
 
 
 10
 In this case, Petitioner attempts to contest the validity of his California sentences under 2241. However, Petitioner provides no evidence that relief is unavailable to him under a properly filed 2255 motion.[4] Instead, Petitioner relies solely on the fact that his 2255 motion was denied by the United States District Court for the Central District of California to show that 2255 is an inadequate remedy. Because mere denial of a 2255 motion does not render it inadequate to review the legality of a sentence, Id., we conclude the district court did not err in denying Petitioner's 2241 petition.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Petitioner argues for the first time on appeal that he has been subjected to double jeopardy in relation to the California sentences. Because he failed to raise this argument below, we do not consider it. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993)
 
 
 [4]
 Despite his assertion that he is not attacking his Ohio sentences in the instant 2241 petition, Petitioner argues vigorously on appeal that his California sentences continue to cause him injury because they were used to enhance the Ohio sentences he is currently serving. Consequently, Petitioner may file a 2255 motion in the proper forum to attack the enhancement of his Ohio sentences. See 28 U.S.C. 2255