72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Joseph OWENS, Petitioner-Appellant,
v.
Bill R. STORY, Warden, United States Penitentiary, ADX,
Florence, Colorado, Respondent-Appellee.
 No. 95-1367.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 15, 1995.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner James Joseph Owens appeals the United States District Court for the District of Colorado's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2241. Owens alleged the federal sentences he was serving were unlawfully enhanced by prior unconstitutional convictions in state court in Maryland.
 
 
 4
 The consecutive sentences Owens was and still is serving were imposed by the United States District Courts for the Eastern District of North Carolina and the Central District of California. We agree with the magistrate court and the district court that Owens' challenges to the legality of the sentences cannot be brought in the District of Colorado, where he is confined. They must be brought under 28 U.S.C. 2255 in the sentencing courts.
 
 
 5
 The record shows that Owens has already brought proceedings in the sentencing courts, although unsuccessfully. Those proceedings afforded Owens an opportunity to test the legality of his sentences. His dissatisfaction with the results he has obtained in the sentencing courts does not establish that 2255 was an inadequate or ineffective remedy. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied 488 U.S. 982 (1988), reh'g denied 488 U.S. 1035 (1989); Arrington v. Willingham, 362 F.2d 803 (10th Cir.1966); McDowell v. Willingham, 354 F.2d 232 (10th Cir.1965).
 
 
 6
 The District Court for the District of Colorado lacked jurisdiction to review the rulings of the sentencing courts and the appellate decisions denying Owens' appeals of those rulings. Owens' motion to introduce newly discovered information, filed after his appellate brief, cannot change this result. It raises no facts or issues that could establish jurisdiction.
 
 
 7
 The district court's dismissal of Owens' petition for writ of habeas corpus is AFFIRMED. Owens' motion to introduce newly discovered information is granted.
 
 
 8
 Entered for the Court.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1991. 151 F.R.D. 470