F I L E D
United States Court of Appeals
Tenth Circuit

FEB 3 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES G. CAPADONA,

      Petitioner-Appellant,

v.

J.W. BOOKER, Warden,

      Respondent-Appellee.

No. 97-1334
(D.C. No. 97-N-1343)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-Appellant James Capadona appeals the district court's dismissal, with prejudice, of his petition for writ of habeas corpus under 28 U.S.C. § 2241. Also before the court is Mr. Capadona's motion for leave to proceed on appeal without prepayment of fees pursuant to 28 U.S.C. § 1915.[1] We exercise jurisdiction under 28 U.S.C. §§ 1291 and 1915, deny Mr. Capadona's motion and dismiss his appeal.

Mr. Capadona, a federal inmate appearing *pro se*, brought this 28 U.S.C. § 2241 habeas petition after twice failing to obtain relief under 28 U.S.C. § 2255. As in his previous § 2255 motions, Mr. Capadona asserts his guilty plea to the charge of conspiring to possess marijuana with the intent to distribute was involuntary and was the result of his attorney's ineffective assistance. He further

---

[1] Mr. Capadona's motion for leave to proceed on appeal without prepayment of costs or fees included a certified copy of his trust fund account as required by 28 U.S.C. § 1915(a)(2), as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title 1, § 101(a), 110 Stat. 1321-73. Because we have determined the filing fee requirements described in § 1915(a)(2) do not apply to habeas proceedings, *see United States v. Simmonds*, 111 F.3d 737, 743 (10th Cir. 1997), we review Mr. Capadona's request for *in forma pauperis* status under § 1915(a)(1) and Fed. R. App. P. 24(a). Accordingly, Mr. Capadona must demonstrate "'a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *White v. Gregory*, 87 F.3d 429, 430 (10th Cir.) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), *cert. denied*, 117 S. Ct. 528 (1996).

complains the district court erroneously failed to advise him of his right to withdraw his plea at the time of sentencing for a term greater than contemplated by the plea agreement. Mr. Capadona's § 2241 petition requests he be allowed to withdraw his plea so that his case can proceed to trial.

The district court dismissed Mr. Capadona's § 2241 petition with prejudice, concluding (1) he presented arguments which were, or could have been, raised in his previous § 2255 motions; (2) he attempted to avoid the "abuse of the writ" doctrine fatal to his last § 2255 motion by filing a § 2241 petition; and (3) he failed to demonstrate cause, prejudice, or a fundamental miscarriage of justice that would excuse the untimeliness of his claims. We review the district court's denial of Mr. Capadona's habeas corpus petition *de novo*. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

It is well-settled § 2241 petitions are intended to address the execution of a sentence rather than the validity (*i.e.*, the imposition or duration) of a sentence. *Id*. Section 2255 provides the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective." *Id*. Mr. Capadona attempts here to utilize § 2241 to attack the validity of his judgment and sentence by arguing § 2255 is rendered "inadequate or ineffective" since he is precluded

from filing another § 2255 motion under the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2] His effort to circumvent the AEDPA and § 2255 is for naught.

We have expressly held "habeas corpus is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). More important, "'[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.'" *Id.* (quoting *Overman v. United States*, 322 F.2d 649 (10th Cir. 1963)); *see also Bradshaw*, 86 F.3d at 166.

---

[2] Under the AEDPA an inmate seeking to file a second or successive § 2255 motion must first secure an order from the court of appeals authorizing the district court to consider such motion. A court of appeals may authorize a second or successive § 2255 motion only upon a showing of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The case Mr. Capadona relies on most heavily likewise recognizes

> [i]f it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is "inadequate or ineffective," and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts -- through statutes like the AEDPA -- to place limits on federal collateral review.

*Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997). According to the Second Circuit, the only circumstance that would justify circumventing the newly amended § 2255 is that "in which the failure to allow for collateral review would raise serious constitutional questions." *Id*. at 377 (specifically considering an actual innocence claim based on *Bailey v. United States*, ___ U.S. ___, 116 S. Ct. 501 (1995)). Mr. Capadona raises no comparable constitutional issue. He relies simply on the fact § 2255 relief is no longer available to him.

Having carefully reviewed the entire record, including Mr. Capadona's brief on appeal, the pleadings, and the district court's orders, we conclude he has not made a reasoned, nonfrivolous argument in law or fact to support his petition.

Accordingly, we **DENY** Mr. Capadona's motion for leave to proceed on appeal without prepayment of fees and **DISMISS** his appeal.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge