139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Wisting F. RUIZ, Petitioner-Appellant
George E. SNYDER,** Respondent-Appellee.
 No. 97-2301.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1998*.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 96-CV-985 J. Phil Gilbert Chief Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Wisting F. Ruiz, a federal inmate formerly housed at the Federal Correctional Institution in Greenville, Illinois (FCI Greenville), appeals the district court's dismissal of his petition for habeas corpus made pursuant to 28 U.S.C. § 2241. Ruiz argued that due to FCI Greenville's mishandling of his mail he did not learn of the dismissal of his prior motion, filed pursuant to 28 U.S.C. § 2255, by the district court for the Southern District of Texas until his time to bring a timely appeal had expired. His appeal of his § 2255 motion was dismissed as untimely by the Fifth Circuit. United States v. Ruiz, Nos. 96-20094 & 96-20095,101 F.3d 697 (5th Cir. Oct. 18, 1996) (unpublished order), reh'g and reh' en banc denied, 105 F.3d 658 (5th Cir. Dec. 27, 1996), cert. denied, 117 S.Ct. 1449 (Apr. 14, 1997). In this case, the Southern District of Illinois summarily dismissed without prejudice his § 2241 petition, concluding that the alleged mishandling of the mail did not amount to an unlawful suspension of the writ of habeas corpus. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").
 
 
 2
 On appeal, Ruiz raises essentially the same arguments that he presented to the district court and asserts that he is entitled to habeas corpus relief for the following reasons: (1) unlawful suspension of the writ of habeas corpus; (2) violations of access to the courts, due process, and equal protection; and (3) violations of customary international laws and the Vienna Convention. We affirm.
 
 
 3
 In 1994, Ruiz was convicted in the Southern District of Texas on various drug dealing and money laundering charges. See United States v. Fierro, 38 F.3d 761 (5th Cir.1994), cert. denied, 514 U.S. 1051, 115 S.Ct. 1431, 131 L.Ed.2d 312 (1995). After his petition for certiorari was denied, he filed a motion to vacate his sentence, 28 U.S.C. § 2255, with the court of conviction on May 12, 1995. On May 22, 1995, the district court summarily dismissed the motion based on a review of the motion and the record. On May 30, 1995, the district court clerk noted that the copy of the dismissal order that had been sent to Ruiz was returned undeliverable.[1] According to prison authorities, Ruiz's mail was returned because the name on the correspondence did not match Ruiz's name as it was listed by the prison.[2] (R. 9, Ex. 2; R. 12, Ex. 1-1a.)
 
 
 4
 In December 1995, Ruiz filed with the Texas district court a motion for summary judgment. At the end of December 1995, the district court entered an order striking his recent motion for summary judgment because the § 2255 motion had been dismissed on May 22, 1995. It was through this order that Ruiz first learned of the dismissal of his § 2255 motion.[3] Thereafter, in January 1996, Ruiz filed in the Southern District of Texas, among other filings, motions to reconsider and for an extension of time to appeal, and an appeal to the Fifth Circuit. Ruiz also submitted a declaration that he had given the court his correct prison address and that he did not receive a copy of the dismissal of his § 2255 motion due to the improper mail handling of FCI Greenville. The court in Texas denied the motions and the Fifth Circuit found that it lacked jurisdiction to hear the case because the appeal was untimely. Ruiz, Nos. 96-20094 & 96-20095, 101 F.3d 697, (R. 1, Ex. 11.). The Fifth Circuit stated that, "[n]o matter what role the court clerk played in causing the delay, the federal rules do not allow courts to enlarge the time in which a litigant may file a notice of appeal after 180 days have elapsed." (R. 1, Ex. 11 at 2.); see Fed.R.Civ.P. 77(d) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."); Fed. R.App. P. 4(a)(6) (setting 180 days after entry of judgment as the last date on which a district court may reopen the time for appeal in cases where a party did not receive notice of the entry).
 
 
 5
 On November 4, 1996, Ruiz filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, in the district court for the Southern District of Illinois. The district court summarily dismissed the petition because the mishandling of his legal mail was not an unlawful suspension of the privilege of habeas corpus.
 
 
 6
 On appeal, Ruiz is attempting to relitigate an issue that he presented to the Fifth Circuit in his appeal of the denial of his § 2255 motion and his numerous post-judgment motions. In fact, Ruiz stated in his § 2241 petition that he is appealing the decision of the Fifth Circuit. (R. 1 at 4.) The thrust of Ruiz's argument is that the Fifth Circuit's dismissal of his appeal as untimely was unfair because his delay in bringing the appeal was a result of the mishandling of his mail by the prison. Although he did not use the term suspension of the writ in his motions in the Southern District of Texas or his appeal to the Fifth Circuit, nonetheless that is basically the claim that he presented to those courts. The Southern District of Texas's decision dismissing Ruiz's § 2255 motion was final on May 22, 1995. As the Fifth Circuit ruled, the district court for the Southern District of Texas did not abuse its discretion in denying Ruiz's motion to extend the time to appeal. See Fed. R.App. P. 4(a)(6). Therefore, the only court in which Ruiz could have challenged the Fifth Circuit's decision was the Supreme Court, which denied Ruiz's petition for certiorari.
 
 
 7
 Ruiz is attempting to relitigate an issue that he presented in his § 2255 motion in the Southern District of Texas and his appeal to the Fifth Circuit.[4] Ruiz cannot file a § 2241 petition and "litigate anew." Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir.1996). A petition under § 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996). Ruiz argues that he is entitled to bring a § 2241 motion because his § 2255 motion was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. However, "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." Bradshaw, 86 F.3d at 166 (quoting Overman v. United States, 322 F.2d 649, 650 (10th Cir.1963)).
 
 
 8
 A § 2241 petition is not the proper vehicle for Ruiz to attempt to relitigate the issue of delayed notification of the dismissal of his § 2255 motion. The issue of delayed notification was presented to the Southern District of Texas, the Fifth Circuit, and the Supreme Court. Ruiz might have attempted to challenge the decisions of these courts by seeking permission to file a second § 2255 motion in the Southern District of Texas. In bringing a second § 2255 motion, Ruiz would face the difficulties associated with a successive petition. 28 U.S.C. §§ 2244, 2255.
 
 
 9
 The only issue Ruiz raises that does not challenge the validity of his conviction and sentence is the mishandling of his mail at the FCI Greenville. This appears to be a civil rights claim, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), rather than a habeas issue. Even if a § 2241 motion was the proper route for this case, we agree with the district court's judgment summarily dismissing without prejudice Ruiz's petition and finding that an unlawful suspension of the privilege of habeas corpus did not occur.
 
 
 10
 AFFIRMED.
 
 
 
 **
 Ruiz is currently confined at the Federal Correctional Institution in Forrest City, Arkansas, whose warden is George E. Snyder; accordingly Snyder is substituted for Richard Seiter as a party pursuant to Fed. R.App. P. 43(c)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Similarly, the copy of an order denying Ruiz's motion for return of property, made pursuant to Federal Rule of Criminal Procedure 41(e), was also returned undeliverable to the court
 
 
 [2]
 Ruiz attempts to counter this argument by citing to exhibits in the record that show that he received other mail addressed to him with a slightly incorrect name
 
 
 [3]
 It was not until March 25, 1996, almost a year later, that Ruiz finally received a copy of the § 2255 dismissal order
 
 
 [4]
 Snyder argues that Ruiz's § 2241 motion was barred by res judicata, however res judicata does not apply to habeas corpus cases. Patrasso v. Nelson, 121 F.3d 297, 301 (7th Cir.1997)