**F I L E D**

**UNITED STATES COURT OF APPEALS**

December 15, 2005

**TENTH CIRCUIT**

| | |
|---|---|
| JAMES JOSEPH OWENS-EL, | |
| Petitioner-Appellant. | No. 05-1128 |
| v. | (D.C. No. 04-Z-2371) |
| ROBIN A. HOOD, Warden, ADX, | (D. Colo.) |
| Respondent-Appellee. | |

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* prisoner appeal pursuant to 28 U.S.C. § 2241. Petitioner initially filed his § 2241 application in the United States District Court for the District of Colorado challenging the validity of the sentence he is currently

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

serving.  But that sentence was imposed by the United States District Court for the Central District of California.  The district court in Colorado denied Petitioner's claim and dismissed the action, holding that Petitioner had an adequate and effective remedy in the sentencing district.  We review de novo a district court's dismissal of an application for a writ of habeas corpus under § 2241.  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Essentially, Petitioner argues that the remedy provided in 28 U.S.C. § 2255 is inadequate or ineffective because he has been denied relief under that theory. He further asserts that he should be allowed to bring his claim under § 2241 because he is prohibited from filing a second or successive § 2255 application in the sentencing court.

As has been explained to Petitioner on multiple occasions, "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective."  *Overman v. United States,* 322 F.2d 649, 650 (10th Cir. 1963) (per curiam).  Nor does the fact that Petitioner is procedurally barred from filing a second or successive § 2255 application render that remedy inadequate or ineffective.  *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

Petitioner also claims that he is actually innocent because one or more juvenile convictions that were used to enhance his federal sentence have since

been vacated. The district court ruled that these facts do not render § 2255 inadequate or ineffective. Section 2255 specifically allows a second or successive motion in the sentencing court based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255 (2005). As we have previously instructed, Petitioner's appropriate relief is in the sentencing court through 28 U.S.C. § 2255, and his "dissatisfaction with the results he has obtained in the sentencing court does not establish that 2255 was an inadequate or ineffective remedy." *Owens v. Story*, No. 95-1367, 1995 WL 745962, at *1 (10th Cir. Dec. 15, 1995); *see also Owens v. Pugh*, No. 99-1225, 1999 WL 682895, at *1 (10th Cir. Sept. 2, 1999).

For substantially the same reasons set forth in the district court's December 30, 2004, Order and Judgment of Dismissal, we **AFFIRM** the district court's judgment. Finding no "reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we also **DENY** Petitioner's motion to proceed in forma pauperis.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-