94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John G. WESTINE, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3745.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 John G. Westine, Jr., a federal prisoner proceeding pro se, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Westine in February 1992 of conspiracy, interstate transportation of property taken by fraud, mail fraud, wire fraud, and money laundering. The money laundering count included a provision for the forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of various items of property owned by Westine and his codefendant. On July 2, 1992, Westine was sentenced to 235 months in prison and three years of supervised release. A final order of forfeiture was issued on July 15, 1992. A panel of this court affirmed Westine's conviction in an unpublished opinion. United States v. Westine, No. 92-3664, 1994 WL 88831 (6th Cir. March 17, 1994) (per curiam).
 
 
 4
 In his motion to vacate, Westine raised four grounds for relief: (1) counsel rendered ineffective assistance, (2) the prosecution failed to disclose evidence favorable to the defense, (3) the forfeiture of his property in addition to his criminal conviction subjected him to double jeopardy, and (4) erroneous information in his presentence investigation report (PSI) was improperly used to enhance his sentence. The district court denied Westine's motion in an order entered on June 26, 1995, after finding that none of his issues had merit.
 
 
 5
 On appeal, Westine continues to argue the merits of his grounds for relief, with the exception of the PSI issue. In addition, he asserts that he was wrongfully convicted of money laundering. Westine has filed two motions requesting the court to hear oral argument in this case.
 
 
 6
 Upon review, we affirm the district court's order. To warrant relief under § 2255, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 
 7
 Because Westine did not raise on appeal his issue concerning the allegedly erroneous PSI information relative to a search of his jail cell, that issue is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In any event, it is meritless for the reasons stated by the district court.
 
 
 8
 Westine's challenge to his conviction for money laundering was presented to this court on direct appeal and was rejected at that time. It is well-settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). There are no highly exceptional circumstances present in this case.
 
 
 9
 Westine argues that the prosecution's alleged failure to disclose his income tax returns violated the rule of Brady v. Maryland, 373 U.S. 83, 87 (1963), which requires the government to disclose evidence that is both favorable to the accused and material to guilt or punishment. This argument is totally frivolous. "No Brady violation exists where a defendant 'knew or should have known the essential facts permitting him to take advantage of any exculpatory information,' or where the evidence is available to defendant from another source." United States v. Clark, 928 F.2d 733, 738 (6th Cir.) (omitting citations), cert. denied, 502 U.S. 846 and 885 (1991). The alleged exculpatory documents were Westine's own amended income tax returns. He obviously knew the essential facts permitting him to take advantage of this information, precluding the finding of a Brady violation.
 
 
 10
 Westine has also failed to establish ineffective assistance of counsel because he has not shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689.
 
 
 11
 Westine first complains that counsel failed to perfect a direct appeal. This complaint is obviously frivolous, as Westine's direct appeal was presented to this court and a decision was rendered. Just as frivolous is Westine's argument that counsel was aware that the government broke its plea agreement with him; there was no plea agreement in this case. Similarly, the claim that counsel did not know the difference between 18 U.S.C. § 851 (which, as the district court points out, does not exist) and the career offender provisions of the Sentencing Guidelines is without merit because Westine was not sentenced as a career offender. If Westine meant to cite 21 U.S.C. § 851, which governs proceedings to establish prior convictions, his argument is still unavailing; that section is applicable only when a defendant is subject to statutory enhancement of a sentence following conviction for a drug offense.
 
 
 12
 Lastly, Westine claims that counsel was ineffective because he was unfamiliar with the Sentencing Guidelines. The district court, however, found that the record proved otherwise, recalling that counsel made appropriate objections and presented timely motions in an effort to secure the most favorable guidelines sentence possible for his client.
 
 
 13
 Finally, the forfeiture of Westine's property in addition to his criminal conviction for money laundering does not violate the Fifth Amendment prohibition against double jeopardy. The Double Jeopardy Clause protects a criminal defendant from multiple punishments, as well as multiple prosecutions, for the same criminal offense. United States v. Dixon, 509 U.S. 688, 696 (1993). Although Westine was issued a seizure notice for one item of property pursuant to 18 U.S.C. § 981 (civil forfeiture), that item, along with the other forfeited property, was listed under count 36 of Westine's criminal indictment as subject to forfeiture under 18 U.S.C. § 982(a)(1) (criminal forfeiture). The property was found to be subject to forfeiture in a special verdict by the same jury that convicted him of the criminal charges. Thus, Westine's property was clearly forfeited pursuant to the criminal forfeiture statute during the same proceeding as his criminal conviction. It is well-settled that Congress may impose multiple punishments for the same conduct without violating the Double Jeopardy Clause, so long as it clearly expresses its intent to do so. United States v. Mohammed, 27 F.3d 815, 819 (2d Cir.), cert. denied, 115 S.Ct. 451 (1994). Such is the case here; there was no double jeopardy violation. Finally, it is noted that the Supreme Court recently held that in rem civil forfeitures of property "are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996).
 
 
 14
 Accordingly, Westine's motions for oral argument are denied. The district court's order, entered on June 26, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation