F I L E D
United States Court of Appeals
Tenth Circuit

JUL 24 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHN G. WESTINE,

        Petitioner - Appellant,

v.

W. A. PERRILL, Warden; UNITED
STATES OF AMERICA,

        Respondents - Appellees.

No. 96-1455

(D. Colorado)

(D.C. No. 96-Z-79)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

John G. Westine was tried and convicted in the United States District Court for the Southern District of Ohio on charges of conspiracy, interstate transportation of property taken by fraud, wire fraud, mail fraud, and money laundering, and was sentenced on July 2, 1992, to 235 months in prison. The money laundering count included a provision, pursuant to 18 U.S.C. § 982(a)(1), for the forfeiture of various items of property, which was accomplished by order dated July 15, 1992. On appeal, the Sixth Circuit affirmed the conviction, sentence and forfeiture. See United States v. Westine, No. 92-3664, 1994 WL 88831 (6th Cir. March 17, 1994) (per curiam).

Westine then collaterally challenged his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing as follows:

> (1) counsel rendered ineffective assistance, (2) the prosecution failed to disclose evidence favorable to the defense, (3) the forfeiture of his property in addition to his criminal conviction subjected him to double jeopardy, and (4) erroneous information in his presentence investigation report (PSI) was improperly used to enhance his sentence.

The district court denied Westine's § 2255 motion, and the Sixth Circuit affirmed in an opinion from which the foregoing facts have been derived. See Westine v. United States, No. 95-3745, 1996 WL 456031 (6th Cir. Aug. 12, 1996).

In the proceeding before us, Westine, proceeding pursuant to 28 U.S.C. § 2241, continues to attack his conviction and sentence, making arguments

virtually identical to those described above.  The district court, adopting the recommendation of the magistrate judge, dismissed Westine's petition on the ground that § 2241 cannot be used as a substitute for proceeding under § 2255.

Westine has filed at least eleven appeals in this court, several of which, including this appeal, involve petitions invoking 28 U.S.C. § 2241.  We have already explained to Mr. Westine the purpose of § 2241, and the fact that attacks on the legality of his conviction and sentence must be brought under § 2255 and in the jurisdiction in which he was convicted.  See Westine v. Perrill, No. 94-1533, 1995 WL 397065 (10th Cir. July 7, 1995); Westine v. Perrill, No. 95-1503, 1996 WL 719995 (10th Cir. Dec. 16, 1996); see also Bradshaw v. Story, 86 F.3d 164 (10th Cir. 1996).

We have reviewed the record and conclude that for substantially the same reasons set out in the recommendation of the magistrate judge, filed February 1, 1996, the district court did not err in dismissing this petition for lack of jurisdiction, or in denying an evidentiary hearing.

In the district court, Westine was permitted to proceed in forma pauperis and, as indicated above, the court addressed the merits of his petition. Subsequently, the district court denied leave to proceed on appeal in forma pauperis on the ground that Westine had filed three or more frivolous actions and was, accordingly, barred under 28 U.S.C. § 1915(g).  At the time of that order, the

district court did not have the benefit of our recent decision in <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811 (10th Cir. 1997), in which we held that § 2241 petitions are not civil actions for purposes of various subsections of 28 U.S.C. § 1915.  However, a prisoner seeking to proceed in forma pauperis with a § 2241 petition does remain obligated to comply with the traditional requirements of that section.  <u>Id.</u> at 812.  Accordingly, we treat the proceeding before us as a renewed motion by Westine for leave to proceed on appeal in forma pauperis and, for the reasons stated above, we deny that motion because the petition is frivolous.  <u>See</u> <u>id.</u> at 812-13 (citing <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502 (10th Cir. 1991) and <u>Coppedge v. United States</u>, 369 U.S. 438 (1962)).

DISMISSED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-4-