**Lewis ADAM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6051.**

United States Court of Appeals
Tenth Circuit.

May 18, 1959.

Wendell G. Stockton, Oklahoma City, Okl., for appellant.

Jack R. Parr, Asst. U. S. Atty., Edmond, Okl. (Paul W. Cress, U. S. Atty., and George Camp, Asst. U. S. Atty.,

Oklahoma City, Okl., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and KNOUS, District Judge.

BRATTON, Chief Judge.

The information in this case charged that appellant caused to be transported in interstate commerce a falsely made and forged check. Acting without the aid of counsel, appellant waived his right to be prosecuted only upon an indictment and consented that the charge be presented by information; waived his right to the assistance of counsel; and entered a plea of guilty to the charge contained in the information. The sentence imposed was imprisonment for a term of ten years. Appearing by an attorney, appellant filed in the cause a motion for reconsideration of the judgment and sentence. The grounds of the motion were that no overt act was undertaken or done to utter a false or fraudulent instrument; that "although being opportuned and availed by the court of the right to counsel" appellant was not informed respecting the laws of the United States; that the plea of guilty was entered upon the advice of an officer named Rice to the effect that by entry of the plea of guilty, appellant would be placed on probation, or certainly would receive leniency; and that the sentence was excessive. A hearing was had upon the motion at which appellant testified at length. The motion was denied, and an appeal was seasonably perfected from the judgment and sentence.

■ The first ground of attack directed at the judgment and sentence is that the right of appellant to be prosecuted only upon an indictment and his right to the assistance of appointed counsel were not waived freely, voluntarily, and with understanding; and that the plea of guilty was not entered freely and voluntarily. Appellant was born in Austria. His residence was in Mexico City, but he was a naturalized citizen of the United States. He was granted citizenship on two separate occasions, once in Philadel-

phia and once in San Diego. While he had not been previously prosecuted in a federal court, he had a long record of prosecutions in state courts; and he had served sentences in several state penal institutions. His right to be prosecuted only upon an indictment and his right to the assistance of appointed counsel were explained to him in clear language. He expressly waived both in a manner which indicated plainly that he acted with intelligence and understanding. And no circumstances attended the entry of the plea of guilty which indicated the exercise of undue influence or coercion. At the hearing on the motion to vacate, appellant testified that a special agent for the Federal Bureau of Investigation, the United States Marshal, and the United States Commissioner each stated to him that the best thing for him to do was to plead guilty. He testified that someone told him that he did not need counsel if he was going to plead guilty. And he testified that he thought the court would give him consideration for pleading guilty. But he further testified that no threats were made against him; that no one coerced him; and that no promises were made to him. The motion was addressed to the sound judicial discretion of the court, and it cannot be said that its denial constituted reversible error.

■■ The judgment and sentence is challenged upon the further ground of excessiveness. The information charged an offense under 18 U.S.C. § 2314. The maximum penalty fixed by the statute is a fine of not more than $10,000, or imprisonment for not more than ten years, or both. Therefore, the sentence imposed upon appellant was within the limits of the statute. It is well settled that the fixing of penalties for criminal offenses is a legislative function, and ordinarily a sentence which is within the limits of the applicable statute will not be disturbed on appeal upon the ground of being unusual, excessive, or cruel. Rose v. United States, 10 Cir., 128 F.2d 622, certiorari denied 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524; Edwards v. United States, 10 Cir., 206 F.2d 855;

Hayes v. United States, 10 Cir., 238 F.
2d 318, certiorari denied 353 U.S. 983,
77 S.Ct. 1280, 1 L.Ed.2d 1142. And the
record in this case fails to disclose any
extraordinary facts or circumstances
which take the case out of that general
rule.

The judgment is

Affirmed.