Lewis ADAM, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6257.

United States Court of Appeals
Tenth Circuit.

Jan. 22, 1960.

David Butler, Denver, Colo. (Holland & Hart, Denver, Colo., were with him on the brief), for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Adam challenges a 10-year sentence imposed after his plea of guilty to an information charging the interstate transportation of a forged instrument in violation of 18 U.S.C. § 2314. In a prior appeal [1] this court affirmed the judgment of the trial court entered after a post-sentence hearing in which Adam appeared and testified. The issues there resolved against Adam related to the voluntary waiver of counsel, the free and voluntary entry of a guilty plea without undue influence or coercion, and the asserted excessiveness of the sentence.

Adam filed in the court below a Motion for Writ of Error Coram Nobis asserting that the court was without jurisdiction and that the sentence was void because (1) there was no transportation of the instrument in interstate commerce and (2) there was no unlawful or fraudulent intent in the transportation. The trial court denied the requested hearing, treated the application as one for relief under 28 U.S.C. § 2255, held that the files and records of the case showed that movant was entitled to no relief, and denied the motion.

Through appointed counsel, Adam now urges that the right to relief by coram nobis exists under the All Writs Act,[2] was not abolished by § 2255, and requires a hearing with the movant in attendance.

In United States v. Morgan, 346 U.S. 502, 507, 74 S.Ct. 247, 98 L.Ed. 248, it was said that the common-law writ of coram nobis was available, without time limitation, to correct errors of fact that affect the validity and regularity of a judgment.[3] The use of the writ was confined to cases "where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." [4]

In Morgan it was held that a United States District Court had the power under the All Writs Act to grant a motion in the nature of coram nobis. In considering the contention that a proceeding under § 2255 had covered the field of remedies formerly available under coram nobis, the Court pointed out that the remedy provided by § 2255 was available to a "prisoner in custody" under sentence of a court established by an act of Congress. In Morgan the movant was not in custody because he had completed serving his federal sentence. He sought relief from that sentence because it made him subject to a second offender sentence in a

1. Adam v. United States, 10 Cir., 266 F. 2d 819.

2. 28 U.S.C. § 1651(a).

3. In the dissenting opinion it was said, 346 U.S. 516, 74 S.Ct. 255: "The writ issued at common law to correct errors of fact unknown to the court at the time of the judgment, without fault of the defendant, which, if known, would probably have prevented the judgment."

4. United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129.

New York state court and he attacked the federal sentence on the ground that he was unconstitutionally denied representation by counsel.

■ In the case at bar Adam is in federal custody, serving a federal sentence. He is within the class to which the § 2255 remedy is available. No good would be served by a review of the purpose and effect of § 2255.[5] The query is whether the remedy there provided excludes a person within the class to which the section applies from the use of the remedy of coram nobis.

It is argued that the remedy is not exclusive because coram nobis requires a hearing to determine the factual issues raised while § 2255 by express language makes a hearing unnecessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The weakness of this theory lies in the premise that in a coram nobis proceeding a hearing must be held. In Morgan the proper waiver of counsel was a controverted issue of fact and the Court held that it could not be determined without a hearing. The same rule applies in § 2255 proceedings. In United States v. Hayman, supra, 342 U. S. at page 220, 72 S.Ct. at page 272, it was held that the district court did not proceed in conformity with § 2255 when it made findings on controverted facts without a hearing.

Section 2255 is applicable to appellant Adam and affords him the same opportunities to secure relief as were open before its passage.[6] So far as the situation now presented is concerned, the § 2255 remedy is exclusive. This conclusion is

not contrary to Morgan because the Court expressly said that § 2255 was no bar to the motion there under consideration.[7] Morgan had to do with a situation where § 2255 did not apply because of absence of federal custody, and its effect is accordingly limited.

■ Mindful of the principle that in proceedings of this nature the technical rules of procedure should be liberally construed so as to protect the prisoner's rights, the trial court treated the motion for coram nobis as an application under § 2255.[8] On the merits, appellant Adam says that his motion raised factual issues which could not be determined without a hearing and which if resolved in his favor entitle him to the relief sought. As noted, the information charged the interstate transportation of a forged security. The motion inconsistently avers that there was no interstate transportation and that there was no unlawful or fraudulent intent in the transportation. It is asserted that these are jurisdictional defects which do not appear on the face of the information but which may be established at a hearing and require that the judgment be set aside.

■ In Marteney v. United States, 10 Cir., 216 F.2d 760, relief was granted under § 2255 because the indictment stated no federal offense. That decision has no applicability because here the information admittedly charged a violation of 18 U.S.C. § 2314. The court had jurisdiction of the subject matter and of the person charged. The challenge goes to the question of whether the accused committed the offense charged. In Hoover v. United States, 10 Cir., 268 F.

5. See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Martin v. United States, 10 Cir., 273 F.2d 775.

6. Cf. United States v. Morgan, 2 Cir., 202 F.2d 67, 68, affirmed 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

7. The Court said 346 U.S. 511, 74 S.Ct. 252: "We do not think that the enactment of § 2255 is a bar to this motion, * * *." United States v. Robinson, 80 S.Ct. 282, 4 L.Ed.2d 259, refers in its footnote 14 to "collateral

remedies available to redress denial of basic rights" and mentions coram nobis as such a remedy. This dicta does not detract from the conclusion that where § 2255 is available and affords the same relief as that previously obtainable under the common-law writs, the procedure must be under that section.

8. In so doing, the court did not follow the procedure outlined in Martin v. United States, supra, but no point is made here of such failure.

2d 787, 790, it was held that a plea of guilty admits all facts well pleaded in an indictment and that after entry of plea and imposition of sentence a judgment is not subject to attack under § 2255 upon the ground that as a factual matter the accused was not guilty of the offense charged. Such rule applies here. The admissions inherent in the guilty plea obviate the necessity of any hearing on the points raised by the motion.[9]

Affirmed.

9. United States v. Hoyland, 7 Cir., 264 F.2d 346, 352, overruling La Fever v. United States, 7 Cir., 257 F.2d 271.