Lewis ADAM, Appellant,

v.

C. R. HAGAN, Warden, La Tuna Correctional Institute, Appellee.

No. 20606.

United States Court of Appeals
Fifth Circuit.

Dec. 26, 1963.

Frank P. Fullerton, El Paso, Tex., for appellant.

Fred J. Morton, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., M. H. Raney, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before HUTCHESON, BROWN and BREITENSTEIN,* Circuit Judges.

PER CURIAM.

Upon his plea of guilty to a one-count information charging interstate transportation of a forged security in violation of 18 U.S.C.A. § 2314, Petitioner was sentenced on July 3, 1958, to a term of 10 years in the District Court for the Western District of Oklahoma. On three occasions Petitioner unsuccessfully sought reduction or vacation of his sentence. The action of the sentencing Court in refusing relief the first two times was affirmed on appeal, Adam v. United States, 10 Cir., 1960, 274 F.2d 880; Adam v. United States, 10 Cir., 1959, 266 F.2d 819, and Petitioner did not appeal from the third denial of relief. On March 8, 1963, Petitioner, an inmate of the Correctional Institution at La Tuna, Texas, filed a Petition for Writ of Habeas Corpus in the Western District of Texas alleging that his remedy under 28 U.S.C.A. § 2255 is inadequate by reason of the previous denials of relief by the sentencing Court, the great distance of the La Tuna, Texas penitentiary from the sentencing Court, and Petitioner's desire for immediate release.

■■ The last paragraph of 28 U.S.C.A. § 2255 provides that an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion under the section shall not be entertained unless it appears that the remedy of § 2255 motion "is inadequate or ineffective to test the legality of his detention." We have held that the mere fact that relief under § 2255 has previously been denied by the sentencing Court on the merits does not render the remedy under that section inadequate or ineffective so as to allow resort to habeas corpus. Birchfield v. United States, 5 Cir., 1961, 296 F.2d 120. Likewise, distance from the sentencing Court does not render the remedy inadequate or ineffective since an adequate allegation of a factual issue which cannot be resolved from the files and records of the case makes a hearing necessary, at which, under appropriate circumstances, the prisoner must be present. Machibroda v. United States, 1962, 368 U.S. 487, 82 S. Ct. 510, 7 L.Ed.2d 473; Porter v. United States, 5 Cir., 1962, 298 F.2d 461. As to the assertion that habeas corpus assures speedier relief than § 2255, we perceive no basis for any such distinction.

The remedy under 28 U.S.C.A. § 2255 is not inadequate or ineffective. The action of the District Court dismissing the petition for habeas corpus was correct.

Affirmed.

* Of the Tenth Cicuit, sitting by designation.