**James Caseno REID, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 3383-64.**

United States District Court
S. D. Alabama, S. D.

Sept. 8, 1964.

comity without doing violence to the rights of relator.

5. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

DANIEL HOLCOMBE THOMAS, District Judge.

This cause comes on to be considered by the Court on Petitioner's motion, in forma pauperis, pursuant to the provisions of Title 28, Section 2255, U.S.C.A., to vacate and set aside a judgment of conviction and sentence heretofore imposed by this Court in Criminal No. 14,378 on December 7, 1962.

Petitioner, in Criminal No. 14,378, upon being informed of his right to counsel, waived this right, electing to proceed without counsel, and entered a plea of guilty to a two-count indictment, the second count charging a violation of Section 4705(a), Title 26, United States Code. Petitioner was sentenced to the custody of the Attorney General for a period of seven years under said second count.

Petitioner now claims that he was not guilty, that he was denied the assistance of counsel, and that the indictment was defective and insufficient to charge an offense.

■ Petitioner was advised of his right to counsel. He elected to waive this right and to proceed without counsel, entering a plea of guilty to the indictment. A defendant will not be heard to contend that he was denied the advice of counsel where there was no trial, and the defendant entered a plea of guilty after having been advised of his right to counsel, having been advised that the Court would appoint counsel for him, and having deliberately declined to have counsel appointed. Cuff v. United States, 5th Cir., 1962, 311 F.2d 185.

■■ Petitioner now claims that he was not guilty as charged in the indictment, though he did enter a plea of guilty. Where a defendant voluntarily enters a plea of guilty he thereby admits all facts well pleaded in the indictment and may not, under Section 2255, attack the sentence imposed on the ground that as a factual matter he was not guilty of the offense as charged. Adam v. United States, 10th Cir., 1960, 274 F.2d 880. Where a defendant has voluntarily entered a plea of guilty he cannot later challenge facts as alleged in the indictment on a Section 2255 motion. United

States v. Parker, 6th Cir. 1961, 292 F.2d 2.

Petitioner also alleges that the indictment was defective and insufficient to charge an offense. He claims that the failure of the indictment to set forth the name of the person to whom the narcotics were allegedly sold renders it insufficient. As pointed out in Adam, supra, the petitioner has admitted all facts well pleaded in the indictment by entering his plea of guilty.

■■ The true test of the sufficiency of an indictment is whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet at trial; and, in the event any other proceedings are taken against him for a similar offense, whether the records show with accuracy to what extent he may plead a former acquittal or conviction. United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. Whether the indictment could have been more definite and certain is not a part of the test. A bill of particulars is available to any defendant who desires more information.

■ Without specifically spelling it out, the petitioner seems to be relying on Lauer v. United States, 7th Cir., 1963, 320 F.2d 187, in his attack on the indictment. The court in Lauer held the indictment insufficient for failure to name the person to whom the narcotics were allegedly sold where the defendant was charged with a violation of 26 U.S.C.A. 4705(a), as was Reid. However, the court there conceded that the identity of such person was not an element of the offense.

The indictment here sets forth the elements of the offense. The indictment alleges that Reid did illegally, unlawfully and knowingly sell, barter, exchange or give away certain narcotic drugs, and that this was not done in pursuance of a written order on a form issued in blank by the Secretary of Treasury or his delegate. The defendant was apprised of what he would have to be prepared to meet at trial.

The Court in Lauer seems to be concerned about former jeopardy. A later and contrary application of the law in this area is set forth in Clay v. United States, 10th Cir., 1963, 326 F.2d 196. There the Court respectfully declining to follow the Lauer case pointed out that a defendant would not be confined to the allegations of the indictment, standing alone, if it ever became necessary for him to enter a plea of former jeopardy. He could rely on any other part of the record in entering such a plea.

Reid's case is similar to the Clay case, supra. In Clay a plea of guilty was entered to an indictment charging violation of 26 U.S.C.A. 4705(a), the indictment failing to name the person to whom the narcotics were allegedly sold. The Court discussed the Lauer case and then, declining to follow it, stated that the failure of the indictment to name such person did not render the indictment insufficient. The decision was not grounded in the fact that Clay had pleaded guilty whereas Lauer had been convicted by a jury. The Court went further and pointed out that " * * * after a verdict or plea of guilty, every intendment must be indulged in support of the indictment * * * and such a verdict or plea cures mere technical defects unless it is apparent that they have resulted in prejudice to the defendant." Clearly no prejudice to Reid resulted from the failure of the indictment to name the person to whom the sale was allegedly made.

Based on the foregoing the Court is of the opinion that the petitioner is entitled to no relief and that the motion should be denied. See also Taylor v. United States, 8th Cir., 1964, 332 F.2d 918.

It is therefore ordered, adjudged and decreed that the Petitioner's motion filed July 6, 1964, to vacate and set aside the judgment of conviction and sentence, be and the same hereby is denied.

No costs to be taxed.