Before GANEY, SMITH and FREEDMAN, Circuit Judges.

**Robert S. LITTERIO, Appellant,**

v.

**J. J. PARKER, Warden, United States Penitentiary, Lewisburg, Pennsylvania.**

No. 15887.

United States Court of Appeals
Third Circuit.

Submitted Nov. 3, 1966.

Decided Dec. 5, 1966.

OPINION OF THE COURT

PER CURIAM.

The appellant was tried and convicted in the United States District Court for the Western District of Texas (San Antonio Division) on six counts of an indictment charging him with violations of the narcotics laws. Following this conviction, and in a separate proceeding, the trial judge found that the appellant was a second offender and sentenced him to a term of imprisonment well within the limits authorized by 26 U.S.C.A. § 7237 (b). Thereafter the validity of the sentence was attacked in a motion filed pursuant to 28 U.S.C.A. § 2255. The motion was denied, as were leave to appeal in forma pauperis and certiorari.

The appellant, now an inmate in the United States Penitentiary at Lewisburg, filed in the court below a petition for writ of habeas corpus. Therein he attacked the validity of his sentence on the grounds urged in his earlier motion for relief under § 2255, supra. The petition was denied and this appeal followed.

We are of the opinion that the action of the lower court was proper. It is firmly established that the remedy available to a federal prisoner under § 2255 is exclusive in the absence of a showing that such remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." Crismond v. Blackwell,

333 F.2d 374, 377 (3rd Cir. 1964); Sims v. Willingham, 300 F.2d 162 (3rd Cir. 1962); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 683, 684 (3rd Cir. 1954); Williams v. United States, 283 F.2d 59 (10th Cir. 1960). There was no such showing in the instant case. The appellant's contention that the remedy under § 2255 was inadequate and ineffective rests solely on the fact that he did not prevail on his earlier motion. This lack of success does not render the remedy inadequate or ineffective. Waugaman v. United States, 331 F.2d 189, 191 (5th Cir. 1964) and the cases therein cited; Adam v. Hagan, 325 F.2d 719 (5th Cir. 1963).

The judgment of the court below will be affirmed.