**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

EDWARD M. BEASLEY aka Eddie
Monroe Beasley,

 Defendant - Appellant.

No. 99-5012

(N.D. Oklahoma)

(D.C. No. CV-98-813-C)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

 Edward M. Beasley seeks a certificate of appealability (COA) in order to appeal the district court's denial of his motion styled as a Writ of Coram Nobis.

---

 *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

He contends that the court erred by construing his action as a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence, and by dismissing it as filed outside the one year statute of limitations set forth in that section. For the reasons stated below, we deny the request for a COA and dismiss the appeal.

Following a jury trial, on January 14, 1983, Beasley was convicted of conspiracy to possess with intent to distribute marihuana. We affirmed his conviction and sentence in 1984. [1] United States v. Dickey, 736 F.2d 571 (10th Cir. 1984). Since his conviction became final before April 24, 1996, Beasley had until April 24, 1997, to file a motion under § 2255. United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Nonetheless, Beasley argues that, since his action is for a writ of coram nobis, the § 2255 statute of limitations does not apply.

The All Writs section of the Judicial Code, 28 U.S.C. § 1651(a), authorizes the issuance of writs of error coram nobis. See United States v. Morgan, 346 U.S. 502 (1954). However, the writ is an extraordinary remedy which is allowed only under compelling circumstances. See id. at 511. As such, it is available only when § 2255 motions or other forms of relief are not. See Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960) (holding that, while a prisoner is in federal

---

[1]Although Beasley was required to self-surrender after his conviction was affirmed, he did not. Instead, he remained a fugitive until 1996, when he was apprehended in Alabama.

custody, § 2255 is the exclusive means for challenging his conviction); see also Carlisle v. United States, 517 U.S. 416, 428-29 (1996) (stating that "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling'" (quoting Pennsylvania Bureau of Correction v. United States Marshals Serv., 474 U.S. 34, 43 (1985))).

Since Beasley is in federal custody, § 2255 clearly addresses any collateral challenge to his conviction, and he may not circumvent the requirements of that statute by styling his motion as a writ of coram nobis. See Adam, 274 F.2d at 882. Therefore, the district court properly construed Beasley's motion under § 2255, subject to a one year time bar.

Because Beasley has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge