

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# Thibeau v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5190

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Thibeau v. Miner" (2007). *2007 Decisions.* Paper 995.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/995

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-239                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5190
_____

MARK WAYNE THIBEAU,

Appellant

v.

JOHNATHAN C. MINER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01925)
District Judge:  Honorable A. Richard Caputo
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 17, 2007

Before:  RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed June 6, 2007)
_____

OPINION
_____

PER CURIAM

Mark Wayne Thibeau appeals the District Court's order dismissing his petition

filed pursuant to 28 U.S.C. § 2241.  In 1999, Thibeau pled guilty to conspiracy to

distribute cocaine base in the District Court for the Western District of North Carolina

and was sentenced to 151 months in prison and five years of supervised release. He did not appeal. Thibeau subsequently filed a motion pursuant to 28 U.S.C. § 2255, an application for permission to file a second or successive § 2255 motion, and a petition under § 2241. All were unsuccessful. Thibeau argued in the instant § 2241 petition that his five-year term of supervised release was more than the three-year term allowed under 21 U.S.C. § 841(b)(1)(C). He requested that the District Court transfer the petition to the District Court for the Western District of North Carolina. The District Court dismissed the petition. Thibeau filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

The District Court did not err in dismissing Thibeau's § 2241 petition. Thibeau seeks to have the supervised release portion of his sentence corrected on the grounds that it is in excess of the maximum authorized by statute; this falls clearly within 28 U.S.C. § 2255. Thibeau's § 2241 petition may not be entertained unless a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Previous unsuccessful § 2255 motions are not sufficient to show that a § 2255 motion is inadequate or ineffective. Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966); see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Moreover, we note that in his plea agreement, Thibeau admitted that the amount of cocaine base involved was at least five hundred grams. The penalty for offenses involving that amount of cocaine base is provided by 21 U.S.C. § 841(b)(1)(A) which mandates a period of supervised release of at least five years.

Summary action is appropriate if there is no substantial question presented in the appeal.  <u>See</u> Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6.  Appellant's motions for summary reversal are denied.