

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2007

# Romero v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1201

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Romero v. Holt" (2007). *2007 Decisions.* Paper 749.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/749

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-274** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1201
_____

RAFAEL ROMERO,

Appellant

v.

RONALD HOLT, Warden, FCI Schuylkill
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-2179)
District Judge:  Honorable William W. Caldwell
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2007

Before:  BARRY, AMBRO and FISHER, Circuit Judges.

Filed: July 17, 2007
_____

OPINION
_____

PER CURIAM

       Rafael Romero appeals the District Court's order dismissing Romero's petition

filed pursuant to 28 U.S.C. § 2241.  The procedural history of this case and the details of

appellant's convictions and claims are well-known to the parties, set forth in the District

Court's thorough opinion, and need not be discussed at length. Briefly, Romero was convicted of conspiracy to distribute more than five kilograms of cocaine, conspiracy to murder a federal agent, attempted murder of a federal agent, assault of a federal agent, possession with intent to distribute cocaine, and use of a firearm during a narcotics trafficking offense. After unsuccessfully challenging his conviction in the sentencing court, Romero filed a petition pursuant to 28 U.S.C. § 2241. He alleged that (1) he is actually innocent of using and carrying a firearm; (2) he is actually innocent of conspiring to murder a federal agent; and (3) governmental misconduct. The District Court dismissed the petition. Romero filed a motion for reconsideration which the District Court denied. Romero then filed a timely notice of appeal. The government has filed a motion for summary action.

Romero's § 2241 petition may not be entertained unless a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Previous unsuccessful § 2255 motions are not sufficient to show that a § 2255 motion is inadequate or ineffective. Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966); see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Romero argues that he should be permitted to seek relief under § 2241 because he is actually innocent. However, Romero has not shown actual innocence. On appeal, the Court of Appeals for the Second Circuit found that there was sufficient evidence against Romero, see United States v. Romero, 897 F.2d 47 (2d Cir. 1990), and Romero has presented no new evidence showing that "no reasonable juror would find him guilty beyond a reasonable doubt." House v. Bell, 126

2

S. Ct. 2064, 2077 (2006). Romero's claim that he is actually innocent of using a firearm based on <u>Bailey v. United States</u>, 516 U.S. 137 (1995), is without merit. <u>United States v. Casiano</u>, 113 F.3d 420, 427 (3d Cir. 1997).

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6. The government's motion for summary action is granted.