ALD-285                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1404
_____

SCOTT NJOS,
                         Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-02721)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 10, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: July 29, 2014)
_____

OPINION
_____

PER CURIAM

Scott Njos, a federal prisoner proceeding pro se, appeals from the District Court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, we will summarily affirm.[1]

Njos was convicted in the United States District Court for the Northern District of Illinois of several crimes and subsequently sentenced to a term of imprisonment. Njos unsuccessfully challenged his conviction and sentence in a series of motions pursuant to 28 U.S.C. § 2255, each of which was denied by the sentencing court either on the merits or as an unauthorized successive motion barred by 28 U.S.C. § 2255(h). United States v. Njos, No. 3-07-cr-50036 (N.D. Ill.)

Njos then filed a petition for a writ of habeas corpus pursuant to § 2241 in the Middle District of Pennsylvania, as he was incarcerated at USP-Lewisburg at that time. In his petition, Njos contended that the sentencing court lacked subject matter jurisdiction over his criminal charges because the offenses charged did not take place on land acquired or reserved for the use of the United States, and that only the state courts of Illinois had jurisdiction to prosecute him for the alleged crimes. The Magistrate Judge recommended dismissing the petition as an unauthorized second or successive motion pursuant to § 2255(h). The District Court adopted the report and recommendation and dismissed the petition, and Njos timely appealed.

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Upon review, we conclude that the District Court properly dismissed Njos's petition. A petition filed pursuant to § 2241 can be used to challenge some aspect of the execution of a federal inmate's sentence, such as denial of parole. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, however, is a motion filed under § 2255 in the sentencing court. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal petitioner can seek such relief under § 2241 only if the remedy provided by § 2255 is "inadequate" or "ineffective" to test the legality of his detention. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not inadequate or ineffective merely because a previous § 2255 motion was denied by the sentencing court, see Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966), nor is it ineffective due to a petitioner's failure to seek authorization for a second or successive habeas petition as required by §§ 2244 and 2255(h). See In re Dorsainvil, 119 F.3d at 251.

In the instant matter, Njos sought to challenge the validity of his federal conviction. The District Court properly determined that the proper vehicle for raising such a claim is a motion pursuant to § 2255. Because his previous § 2255 motions were denied, he was required to first seek authorization to file a second or successive habeas petition pursuant to §§ 2244 and 2255(h). Accordingly, we discern no error in the District Court's dismissal of Njos's petition. There being no substantial question presented on appeal, we will summarily affirm.

3