ALD-313                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2978
_____

IN RE:  JOSE CRISTOBAL CARDONA,
                                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3-13-cv-01179)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 31, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 16, 2014)
_____

OPINION
_____

PER CURIAM

　　　　Jose Cristobal Cardona, a federal prisoner incarcerated at USP-Lewisburg,

petitions for a writ of mandamus.  For the reasons that follow, we will deny the petition.

　　　　In May 2012, Cardona filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania.  The District

Court construed the petition as a motion pursuant to 28 U.S.C. § 2255, and transferred it

to the District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404.  In

doing so, the District Court noted that Cardona had been convicted and sentenced in the

Western District of Texas, and that his § 2241 petition restated claims that Cardona had raised unsuccessfully in a previous § 2255 motion in the sentencing court. Cardona appealed the District Court's decision to this Court, and we held that we did not have appellate jurisdiction over the matter because it was not final. See No. 13-3932 (3d Cir. 2013). Cardona then filed the instant petition for a writ of mandamus, asking this Court to reinstate his habeas corpus petition in the Middle District of Pennsylvania.[1]

This Court has held that "[m]andamus is . . . the appropriate mechanism for reviewing an allegedly improper transfer order." Sunbelt Corp. v. Noble, Denton & Assocs., 5 F.3d 28, 30 (3d Cir. 1993). Mandamus is a drastic remedy available only "in response to an act amounting to a judicial usurpation of power," however. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain a writ of mandamus, a petitioner must satisfy three conditions. First, he must "have no other adequate means to attain the relief he desires." Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380-81 (2004). Second, he must show that his right to the writ is "clear and indisputable." Id. at 381. Third, the reviewing court must conclude that the writ is "appropriate under the circumstances." Id.

The District Court's decision to construe the § 2241 petition as a § 2255 motion was correct, and accordingly the decision to transfer venue was correct, as a § 2255

---

[1] Cardona is currently prohibited from filing any document in any case in any federal court without first obtaining leave of court, pursuant to an order of the Honorable Walter S. Smith of the District Court for the Western District of Texas. See United States v. Cristobal-Cardona, No. 2:01-cr-00251-WSS (Dkt. No. 731, July 5, 2012).

motion must be filed in the sentencing court. 28 U.S.C. § 2255(a). A petition filed pursuant to § 2241 can be used to challenge some aspect of the execution of a federal inmate's sentence, such as denial of parole. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, however, is a motion filed pursuant to § 2255 in the sentencing court. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal petitioner can seek such relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to challenge the legality of his detention. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not inadequate or ineffective merely because a previous claim for relief was denied by the sentencing court, see Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966), nor is it ineffective due to a petitioner's failure to obtain authorization for a second or successive motion as required by §§ 2244 and 2255(h). See In re Dorsainvil, 119 F.3d at 251. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

Upon review, we agree with the District Court's treatment of Cardona's petition as a § 2255 motion. Cardona's claims pertain to the effectiveness of his prior counsel, therefore implicating the validity of his conviction and sentence. See Strickland v. Washington, 466 U.S. 668, 686 (1984). Cardona's limitations on filing in the Western District of Texas and the requirement of authorization to file a second or successive

3

§ 2255 motion may have resulted in a "personal inability to use" § 2255 as a remedy, but they have not made it inadequate or ineffective such that § 2241 would be available.

A District Court, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . may transfer any civil action to any other district or division *where it might have been brought*." 28 U.S.C. § 1404(a) (emphasis added). Because Cardona's petition was effectively a § 2255 motion, it would have been properly filed in the Western District of Texas.

We agree with the District Court's construction of Cardona's petition and the resulting change of venue. As a result, Cardona cannot satisfy the conditions requisite to grant a writ of mandamus. Cardona's right to the writ is not "clear and indisputable," see Cheney, 542 U.S. at 380-81, as the District Court's actions concerning his § 2241 petition were proper. We will therefore deny the petition for a writ of mandamus.

4