ALD-042                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2662
_____

SHABBAR RAFIQ,
                    Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-01317)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2022
Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 28, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Shabbar Rafiq appeals pro se from an order of the District Court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

I.

In 2016, Rafiq pleaded guilty in the United States District Court for the Northern District of Texas to one count of conspiracy to distribute a controlled substance and controlled substance analogue in violation of 21 U.S.C. § 846. He was sentenced to 144 months' incarceration. Rafiq appealed, challenging a forfeiture order entered by the District Court, and the Fifth Circuit affirmed. See United States v. Rafiq, 745 F. App'x 241, 242 (5th Cir. 2018) (per curiam). Rafiq then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Texas, raising several claims of ineffective assistance of counsel. The District Court denied his motion, and after granting a certificate of appealability with respect to one claim—that counsel was ineffective for failing to advise Rafiq of the immigration consequences of his guilty plea—the Fifth Circuit affirmed. See United States v. Rafiq, No. 20-11168, 2022 WL 2387348 (5th Cir. July 1, 2022). Rafiq later unsuccessfully sought authorization from the Fifth Circuit to file a second or successive § 2255 motion. See In re Shabbar Rafiq, C.A. No. 22-10679 (order entered July 28, 2022).

Shortly thereafter, Rafiq filed this § 2241 petition in the United States District Court for the Middle District of Pennsylvania, the district in which he is incarcerated,

2

appearing to raise claims of ineffective assistance of counsel and a claim that he is actually innocent based on laboratory reports showing an absence of controlled substances in the incense forming the basis of his conviction. Rafiq argued that he could seek relief under § 2241 because the sentencing court did not consider all his claims in reviewing his § 2255 motion, and because he is actually innocent. The District Court dismissed the petition for lack of jurisdiction. Rafiq now appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's legal conclusions and review factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas corpus petition under § 2241 accordingly "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of [petitioner's] detention." 28 U.S.C. § 2255(e). "A § 2255 motion is

---

[1] Rafiq does not need a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).

inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This "safety-valve" exception is narrow and applies only in rare circumstances, such as when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017).

We agree with the District Court that Rafiq may not resort to § 2241 as a remedy. Namely, Rafiq has had prior opportunities to raise the claims described in his § 2241 petition since his conviction, and, indeed, he raised several of them in his initial § 2255 motion. And although Rafiq argues that he is entitled to review under § 2241 because he has evidence demonstrating his actual innocence, his claim is not the sort of innocence claim that may be entertained in a § 2241 motion. See Cordaro v. United States, 933 F.3d 232, 240-41 (3d Cir. 2019) (holding that a colorable claim of actual innocence whereby a petitioner is "being detained for conduct that was subsequently rendered noncriminal" by a Supreme Court decision may meet the § 2255(e) requirement when the petitioner had no earlier opportunity to raise the claim). Additionally, we note that Rafiq raised the same claim—unsuccessfully—in his request to file a second or successive § 2255 motion before the Fifth Circuit. That Rafiq's prior challenges have been

4

unsuccessful does not make § 2255 an inadequate remedy.  See, e.g., <u>Okereke</u>, 307 F.3d at 120; <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam) ("[L]ack of success does not render the remedy [under § 2255] inadequate or ineffective.").  The District Court therefore properly concluded that it lacked jurisdiction over Rafiq's § 2241 petition.

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] Rafiq's motion to expedite is denied, as he has not set forth an "exceptional reason that warrants expedition."  3d Cir. L.A.R. 4.1.